KEARLEY et al. v. SELLERS, RICHARDSON & CO. (1 Div. 184.)

(Court of Appeals of Alabama. April 17, 1917.)

1. LANDLORD AND TENANT ⬦54—RIGHTS OF ACTION AGAINST THIRD PARTIES.

If the lessee of a warehouse sublet it to a third party, a warehousing account charged to a merchant was the property of the sublessee, and the lessee could not recover from the merchant the amount which it had received by crediting the account of the sublessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 126, 127.]

2. PRINCIPAL AND AGENT ⬦105(10) — COLLECTION OF DEBTS DUE PRINCIPAL—WAREHOUSE ACCOUNTS.

If the lessee merely constituted the third party its agent, he had no right to accept goods from the merchant in payment of the account, and the lessee could recover the amount which it had received through such transaction.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 306.]

Appeal from Law and Equity Court, Monroe County; W. G. McCorvey, Judge.

Assumpsit by I. J. Kearley and others against Sellers, Richardson & Co. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

It appears from the evidence that plaintiffs had leased a warehouse from the Bradleys for a period of five years, for a consideration of $125 per year, and that for the year 1914 plaintiffs sublet the warehouse to one Daniels for a like sum; that during the years 1913–14, Daniels secured advances from defendants, and at the time Daniels gave up the warehouse he was indebted to the defendants in a large sum. Defendants had patronized the warehouse during the year 1914, and owed Daniels a warehouse bill amounting to about $70, and upon a final settlement with Daniels in the fall of 1914 defendants gave Daniels a credit on his account for the sum they owed him for the warehouse patronage. The evidence was in conflict as to whether plaintiffs leased the warehouse to Daniels, or whether they put him in charge of the warehouse to run it for them; some of the evidence tending to show that Daniels was to pay the rent, and have whatever was left as compensation for his services, and other evidence tending to show a straight lease of $125 a year. Upon the conclusion of the evidence the court directed a verdict for defendants.

Hybart & Biggs, of Monroeville, for appellants. Hare & Jones, of Monroeville, for appellees.

PER CURIAM. [1, 2] If the arrangement between the plaintiffs and Daniels was a lease of the warehouse, and the relation of landlord and tenant existed between them, then the warehousing account charged to defendants was the property of Daniels, and the plaintiffs were not entitled to recover. If, however, the relation between the plaintiffs and Daniels was that of principal and agent, and Daniels had no authority to accept goods in payment of the warehousing bill of defendants, or to agree with defendants that this warehousing account could be credited on the account of Daniels, then the plaintiffs should have recovered.

These questions were for the jury under the evidence, and the court should have refused the affirmative charge requested by the defendants.

Reversed and remanded.